UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

NATHANIEL HINES,

        Plaintiff,                          Case No. 14-cv-13619

v.                                          Honorable Thomas L. Ludington

CORRECTIONS MENTAL HEALTH
PROGRAM,

        Defendant.
_____/

**ORDER DENYING IN PART MOTION TO OBJECT, CONTINUING ORDER OF REFERENCE AND REFERRING BALANCE OF MOTION TO MAGISTRATE JUDGE**

On September 17, 2014, Plaintiff Nathaniel Hines filed a pro se complaint against the "Corrections Mental Health Program." ECF No. 1. Hines' case was referred to Magistrate Judge Michael J. Hluchaniuk for pretrial matters pursuant to 28 U.S.C. § 636(b)(1) on November 13, 2014. ECF No. 9. On November 20, 2014, Hines objected to that order of reference. ECF No. 10.

Under the Magistrate Judge Act, 28 U.S.C. § 636(b)(1), a district court judge is permitted to refer all non-dispositive pretrial matters to a magistrate judge for determination. *Id*. at § 636(b)(1)(A); *see also Calderon v. Waco Lighthouse for the Blind*, 630 F.2d 352, 354 (5th Cir. 1980). Any objections to the findings made by the magistrate judge on these matters are reviewed under a clear error standard. *Id*. "The statute also permits the district court to refer dispositive pretrial matters . . . to a magistrate for submission of proposed findings of fact and conclusions of law, but the district judge must make a 'de novo determination' of any objected to portions of the magistrate's proposed findings." *Calderon*, 630 F.2d at 354-55 (citing 28 U.S.C. § 636(b)(1)(B)).

Hines challenges the Court's order of reference made under § 636(b)(1). Specifically, Hines writes that he is "objecting to, a referal to a magistrate substituting of your Judgment [sic throughout]." ECF No. 10 at 1. When a party "objects to a reference to a magistrate [he generally] must make his objections known either at the time of reference or soon thereafter." *Hill v. Duriron Co.*, 656 F.2d 1208, 1213 (6th Cir. 1981). Hines has timely registered his objections. They are, however, without merit.

"[W]hen analyzing a challenge to the district judge's delegation of authority to a magistrate judge pursuant to § 636(b), the 'dispositive question' is whether the duty assigned to a magistrate judge is 'subject to meaningful review' by a district judge." *United States v. Bolivar-Munoz*, 313 F.3d 253, 256 (5th Cir. 2002) (quoting *Jones v. Johnson*, 134 F.3d 309, 311 (5th Cir.1998)). Here, the referral of all pretrial matters to Magistrate Judge Hluchaniuk does not substitute his judgment for the judgment of this Court, as Hines contends. Rather, there are statutorily provided standards of review for all recommendations issued by Magistrate Judge Hluchaniuk. This Court is not bound by any of those recommendations. *Bolivar-Munoz*, 313 F.3d at 257 (noting that district judge is not bound by guilty plea taken by magistrate judge).

Because the Magistrate Judge Act provides for meaningful review of all pretrial matters referred to a magistrate judge, a district court need not obtain consent of the parties before referring those matters. *United States v. B & D Vending, Inc.*, 398 F.3d 728, 732 (6th Cir. 2004) (noting that statute states only that district judge may "designate" a magistrate judge for pretrial matters). Where a reference beyond the scope of subsections (b)(1)(A) & (B) is made, consent of the parties may be required. *Calderon*, 630 F.2d at 355 (holding that references to magistrate for trial on the merits are permissible but only pursuant to consent from the parties). Here, Hines' consent is not required to refer pretrial matters to Magistrate Judge Hluchaniuk and his concern

that Magistrate Judge Hluchaniuk will substitute his judgment for that of this Court is unfounded. His motion objecting to the order of reference will be denied.

Accordingly, it is **ORDERED** that Plaintiff Hines' motion, ECF No. 10, is **DENIED in part** as to his objection to the order referring his case to Magistrate Judge Hluchaniuk.

It is further **ORDERED** that all pretrial matters in the above-captioned case, including those issues remaining in Plaintiff Hines' November 20, 2014 motion, ECF No. 10, are **REFERRED** to Magistrate Judge Hluchaniuk for the purposes outlined in the initial order of reference, ECF No. 9.

Dated: December 30, 2014                          s/Thomas L. Ludington
                                                  THOMAS L. LUDINGTON
                                                  United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon Nathaniel Hines #452677 at Macomb Correctional Facility, 34625 26 Mile Road, New Haven, MI 48048 by first class U.S. mail on December 30, 2014.

                                  s/Tracy A. Jacobs
                                  TRACY A. JACOBS