UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| NATHANIEL HINES, | Case No. 14-13619 |
|       Plaintiff, | Thomas L. Ludington |
| v. | United States District Judge |
| CORRECTIONS MENTAL HEALTH PROGRAM, | Michael Hluchaniuk<br>United States Magistrate Judge |
|       Defendant. | |
| _____/ | |

**REPORT AND RECOMMENDATION**
**DEFENDANT'S MOTION TO DISMISS (Dkt. 15) and**
**PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING**
**ORDER/PRELIMINARY INJUNCTIVE RELIEF (Dkt. 19)**

### I.   PROCEDURAL HISTORY

On September 17, 2014, plaintiff Nathaniel Hines, an inmate currently incarcerated by the Michigan Department of Corrections ("MDOC") at the Macomb Correctional Facility ("MRF") in New Haven, Michigan, brought this action under 42 U.S.C. § 1983, claiming a violation of his rights under the United States Constitution.  (Dkt. 1).  On November 13, 2014, District Judge Thomas L. Ludington referred this case to the undersigned for all pretrial purposes.  (Dkt. 9).

On January 8, 2015, MDOC defendant Corrections Mental Health Program

("CMHP")[1] filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b).  (Dkt. 15). On January 20, 2015, plaintiff filed a response to defendant's motion to dismiss (entitled Motion for Objection), and on February 5, 2015, a "reply" to the same motion. (Dkts. 20, 21).  Defendant's motion to dismiss is now ready for report and recommendation.

On January 8, 2015, plaintiff filed a "motion for order" wherein he sought preliminary injunctive relief from medical treatment in the form of involuntary injections of medication from defendant.  (Dkt. 19).  Pursuant to this Court's order, defendant filed a response to this motion on March 5, 2015. (Dkt. 25). Plaintiff's motion for injunctive relief is now ready for report and recommendation.

For the reasons set forth below, the undersigned **RECOMMENDS** that defendant's motion to dismiss (Dkt. 15) be **GRANTED**, plaintiff's complaint against defendant be **DISMISSED** and plaintiff be **GRANTED** leave to amend the complaint to name proper defendants.   The undersigned further **RECOMMENDS** that plaintiff's motion for preliminary injunctive relief (Dkt.

---

[1]As noted by defendant in its brief in support of its motion to dismiss, the sole defendant named by plaintiff, "Corrections Mental Health Program," is not a formally recognized entity inside or outside the MDOC organization.  Nevertheless, because plaintiff's claims address the mental health treatment he is receiving in the MDOC-operated MRF, the undersigned construes plaintiff's complaint as naming MDOC as the sole defendant.  Accordingly, defendant shall herein refer to MDOC.

19) be **DENIED** without prejudice.

## II. FACTUAL BACKGROUND

Plaintiff brings this action under 42 U.S.C. § 1983, claiming a violation of his rights under the United States Constitution. (Dkt. 1). Plaintiff claims that the defendant has involuntarily injected in him with anti-psychotic medication in violation of the Eighth Amendment, and he seeks declaratory and injunctive relief, as well as compensatory and punitive damages. (*Id.*).

## III. ANALYSIS AND CONCLUSIONS

### A. Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must first comply with Rule 8(a)(2), which requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A plaintiff is also obliged "to provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Association of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555 (citations and internal quotation marks

omitted)). And, while a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (quoting *Twombly*, 550 U.S. at 555 (citation and internal quotation marks omitted)); *see also League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (the factual allegations in a complaint need not be detailed but they "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief.").

The Sixth Circuit recognized that in *Erickson v. Pardus*, 551 U.S. 89 (2007), "a case decided just two weeks after *Twombly*, the Supreme Court clarified *Twombly* by holding that a prisoner bringing a § 1983 claim against his captor is not required to state [s]pecific facts in their complaint; and *Twombly* itself suggests that its holding may be limited to cases likely to produce sprawling, costly, and hugely time-consuming litigation." *U.S. v. Ford Motor Co.*, 532 F.3d 496 (6th Cir. 2008) (citations and internal quotation marks omitted). The Sixth Circuit applied a more stringent pleading standard in *U.S. v. Ford* because a fraud claim was involved, which requires the application of the heightened pleading standard set forth in Rule 9(b), rather than the more liberal pleading standard

4

found in Rule 8(a)(2).  A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson*, 551 U.S. at 94 (citation omitted).  Thus, when applying *Twombly*, except as to a claim of fraud, the Court must still read plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Erickson*, 551 U.S. at 93-94 (The Court of Appeals improperly departed "from the liberal pleading standards set forth by Rule 8(a)(2)" and failed to liberally construe" the *pro se* complaint at issue.).

Moreover, even if the *pro se* complaint is defective, if it is at all possible that the *pro se* party can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend.  *Brown v. Matauszak,* 415 Fed. App'x 608, 614 (6th Cir. 2011)(citing 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 1483 (3d ed. 2010)).  Leave to amend to change or add a proper party-defendant may be granted *sua sponte* to *pro se* plaintiffs who have failed to request such relief.  *See Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir. 1986).

    **B.**     **Plaintiff's Claims Against MDOC are Barred by the Eleventh Amendment**

Plaintiff has asserted a § 1983 claim against CMHP, an unrecognized division of the MDOC. The Eleventh Amendment bars suit in federal court against a state and its departments or agencies unless the state has waived its sovereign immunity or unequivocally consented to be sued. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). This jurisdictional bar applies to claims for injunctive relief, as well those for money damages. *See id* at 100-101. Michigan has not consented to civil rights suits in federal court. *See Johnson v. Dellatifia*, 357 F.3d 539, 545 (6th Cir. 2004). Nor does the language of §1983 permit suits against a State or its agencies. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)(neither a State nor its officials acting in their official capacities are "persons" under §1983). Given these facts, plaintiff's §1983 claims against the MDOC (or its unrecognized alter-ego, CMHP) should be dismissed.

The Eleventh Amendment, however, does not bar suits against state officials in their individual capacities when they are alleged to have violated federal law. *Berndt*, 796 F.2d at 882. Moreover, where state defendants must be dismissed on Eleventh Amendment grounds, but the allegations in the complaint allow for the possibility of individual defendants amenable to suit in federal court, plaintiffs should be allowed a reasonable opportunity to amend the complaint and add other

defendants to the action. *Id*.

In *Berndt*, plaintiff's complaint made repeated references to the "staff" or "authorities" of the named state-agency-defendant in the allegations of denial and violation of plaintiff's constitutional rights. *Id*. Under those circumstances, the Sixth Circuit ruled

> it would be a miscarriage of justice to preclude [a] pro se plaintiff from seeking redress for his alleged injuries on a procedural defect, particularly when the complaint, in substance, clearly indicates that the staff and authorities of [the state agency] are the real parties-defendants.

*Id*.

Similarly, plaintiff here references "psychiatrists" throughout the complaint. (Dkt. 1). Additionally, plaintiff references "men," "officers," "treatment team," "doctors," "psychiatrists," and "social workers" in his response to defendant's motion to dismiss. (Dkt. 20). He specifically names a Dr. Garlapati as the psychiatrist responsible for his involuntary injections. (Dkt. 20, PgID 403). Accordingly, the undersigned believes that plaintiff's pleadings have sufficiently suggested the existence of proper parties-defendants to justify granting him leave to amend his complaint to so name those individual parties. *See Berndt*, 796 F.2d at 882.

The Court takes this opportunity to caution plaintiff that any future amended

complaint must comply with certain Federal Rules of Civil Procedure:

    1.    The amended complaint must comply with Local Rule 15.1, which requires that "[a]ny amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must ... reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference."

    2.    The amended complaint must also comply with Rule 8(a)(2), which requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957); *see also League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (The factual allegations in a complaint need not be detailed but they "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief."). A plaintiff properly pleads a claim for relief by "briefly describing the events" supporting the claim. *Peabody v. Griggs*, 2009 WL 3200686, *3 (D. R.I. 2009), quoting, *Sanjuan v. American Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994). The statement of the claim should be short because "unnecessary length places an unjustified burden on the court and on the party who must respond to it."

*Id.*, quoting, *Laurence v. Wall*, 2007 WL 1875794, *1 (D. R.I. 2007); *see also* Wright & Miller § 1281 at 709 ("[u]nnecessary prolixity in a pleading places an unjustified burden on the district judge and the party who must respond to it because they are forced to ferret out the relevant material from a mass of verbiage"). "The statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted to enable him to answer and prepare for trial." *Id.*, quoting, *Laurence*, 2007 WL 1875794 at *1.

  3. Rule 10(b) mandates that claims must be made in numbered paragraphs; the contents of each are to be limited to a statement of a single set of circumstances; and, claims founded on separate transactions or occurrences are to be stated in separate counts if a separation facilitates a clear presentation.

  4. Finally, plaintiff must be mindful that Rule 11 applies to any amended complaint. Failure to heed the Federal Rules of Civil Procedure could result in sanctions, including dismissal of his complaint. In filing his amended complaint, plaintiff will be representing to the Court that, to the best of his knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

    (1) [the proposed amended complaint] is not being

> presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims ... and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery;

*See e.g. Jackson v. Hanson*, 1991 WL 3056, *1 (7th Cir. 1991) (Parties "proceeding IFP are not immune from Rule 11.").

5. The amended complaint must be filed within three weeks of the Court's ruling on this Report and Recommendation.

### C. Plaintiff's Motion for Preliminary Injunctive Relief

Because the undersigned is recommending plaintiff's complaint against the sole named defendant be dismissed, he also recommends that plaintiff's motion for preliminary injunctive relief be denied without prejudice. Plaintiff may seek preliminary injunctive relief after he files a viable amended complaint.

### IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that defendant's motion to dismiss should be **GRANTED**, plaintiff's complaint should

be **DISMISSED**, and, plaintiff be **GRANTED** leave to amend his complaint within three weeks of the Court's ruling on this Report and Recommendation. The undersigned further **RECOMMENDS** that plaintiff's motion for preliminary injunctive relief (Dkt. 19) be **DENIED** without prejudice.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the

objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: March 30, 2015                              s/Michael Hluchaniuk
                                                  Michael Hluchaniuk
                                                  United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on March 30, 2015, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record, and I certify that I have mailed by United States Postal Service the foregoing pleading to the following non-ECF participant(s), at the following address(es): Nathaniel Hines #452677, Macomb Correctional Facility, 34625 26 Mile Road, New Haven, MI 48048.

                                                  s/Tammy Hallwood
                                                  Case Manager
                                                  (810) 341-7887
                                                  tammy_hallwood@mied.uscourts.gov