UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

NATHANIEL HINES,

                Plaintiff,                Case No. 14-cv-13619

v.                                            Honorable Thomas L. Ludington

MICHIGAN DEPARTMENT OF CORRECTIONS,
a/k/a CORRECTIONS MENTAL HEALTH
PROGRAM,

                Defendant.
_____/

**ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND
RECOMMENDATION, GRANTING MOTION TO DISMISS, DISMISSING
COMPLAINT WITH PREJUDICE AGAINST NAMED DEFENDANT, DISMISSING
COMPLAINT WITHOUT PREJUDICE TO LEAVE TO AMEND, GRANTING LEAVE
TO AMEND, AND DENYING PENDING MOTIONS AS MOOT**

On March 30, 2015, Magistrate Judge Michael Hluchaniuk returned a Report and Recommendation in the above-captioned case. In the Report, Judge Hluchaniuk recommends granting Defendant Michigan Department of Corrections' ("MDOC")[1] motion to dismiss. Judge Hluchaniuk further recommends dismissing Plaintiff Nathaniel Hines' Complaint insofar as it brings claims against MDOC but allowing Hines an opportunity to amend in the event he wishes to name individual defendants against whom he could plausibly state claims. Hines objected to Judge Hluchaniuk's Report on April 27, 2015. Those objections are meritless and will be overruled. Judge Hluchaniuk's Report will be adopted along with the directions for Hines that he includes therein.

I.

On September 17, 2014, Hines, a prisoner, filed a pro se complaint alleging violations of the United States Constitution inflicted upon him by the administration of the prison's mental

---

[1] The named defendant is Corrections Mental Health Program. MDOC has appeared on behalf of Corrections Mental Health Program because it is not an independent program but a subsidiary program administered by MDOC in Michigan state prison facilities.

health program. Hines alleges that he is subject to involuntary injections of psychiatric drugs. This injection program, according to Hines, violates the Eighth, Ninth, and Tenth Amendments. Primarily this is so because Hines claims he is not mentally ill and does not need the injections. Despite his protestations, however, the injections have continued over the many years he has been incarcerated in Michigan prisons, necessitating this lawsuit.

Along with his Complaint, Hines filed an Application to Proceed in Forma Pauperis, ECF No. 2. Magistrate Judge Steven Whalen granted that request and service was ordered. ECF No. 7. This Court referred all pretrial matters in this case to Judge Hluchaniuk on November 13, 2014. ECF No. 9. Shortly thereafter Hines filed an omnibus motion, ECF No. 10, in which he objected to the referral of his case to a magistrate judge, requested access to his mental health records, and requested that the Court order an independent psychiatric evaluation. This Court denied Hines' objection to the referral of his case on December 30, 2014 and left consideration of his other requests for relief to Judge Hluchaniuk. ECF No. 12.

On December 31, 2014, Defendant MDOC filed a waiver of service. This was followed on January 8, 2015 by a motion to dismiss Hines' Complaint. ECF No. 10. MDOC argued that it is immune from suit under 42 U.S.C. § 1983 because state agencies are not "persons" under the act.

The same day MDOC filed its motion to dismiss, Hines filed a "motion for order" wherein he seemingly consented to the referral of his case to a magistrate judge. Judge Hluchaniuk construed this motion as a request for injunctive relief. Judge Hluchaniuk ordered responses to each of the motions that had been filed by MDOC and Hines. All motions were timely briefed.

On February 19, 2015, Hines filed a motion to compel. Hines sought to initiate discovery with Defendant, despite the pending motion to dismiss and lack of a scheduling order. Judge Hluchaniuk ordered full briefing on that motion as well. The motion was timely briefed.

Judge Hluchaniuk issued his Report on MDOC's motion to dismiss and Hines' motion for a preliminary injunction on March 30, 2015. ECF No. 26. He recommended dismissal of Hines complaint, with free leave to amend and add new individual defendants. He also recommended dismissal of Hines' motion for preliminary injunction as moot. That same day, Judge Hluchaniuk issued an order staying Hines' two other motions, ECF Nos. 10 & 23, pending this Court's ruling on the Report.

Hines objected to Judge Hluchaniuk's Report on April 27, 2015.

## II.

### A.

This Court may dismiss a pleading for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A pleading fails to state a claim if it does not contain allegations that support recovery under any recognizable legal theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering a Rule 12(b)(6) motion, the Court construes the pleading in the non-movant's favor and accepts the allegations of facts therein as true. *See Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). The pleader need not have provided "detailed factual allegations" to survive dismissal, but the "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In essence, the pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

**B.**

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a Magistrate Judge's report and recommendation. *See* FED. R. CIV. P. 72(b)(2). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted).

De novo review requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002). If the Court accepts a report and recommendation, the Court is not required to state with specificity what it reviewed; it is sufficient for the Court to state that it engaged in a de novo review of the record.

**III.**

Hines' objections to the Report do not address the basis on which Judge Hluchaniuk recommends dismissal. The objections make only two primary points. First, Hines would like to correct the caption to Community Mental Health Services from the Corrections Mental Health Program. Second, Hines once more objects to being subject to involuntary medical injections. Neither point addresses the infirmities identified by Judge Hluchaniuk's Report. The objections will be overruled and Judge Hluchaniuk's Report will be adopted.

Hines' first claim in his objections is that he would like to amend the case's caption. He would like the Defendant to be listed as Community Mental Health Services. Currently, Corrections Mental Health Program is listed as the Defendant. This amendment will not be permitted as it is futile. *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973)

(holding that futility is an important factor when considering a request to amend). Hines' complaint does not indicate how he would have come into contact with the Community Mental Health Services while he has been incarcerated for the last eight years. In fact, he recognizes in his response to MDOC's motion to dismiss that this alleged "Community Mental Health Program . . . happens to be in a state prison." ECF No. 20 at 1. To the extent the program is in a prison facility, Judge Hluchaniuk properly addressed his claims as being levied against the Michigan Department of Corrections. Indeed, the MDOC website actually presents the program as simply the Mental Health Program, a program administered by MDOC. *See* Corrections – Mental Health Services, MICHIGAN DEPARTMENT OF CORRECTIONS (2015) http://www.michigan.gov/corrections/0,4551,7-119-68854_68856_9744---,00.html. Thus, Hines' request is either moot or futile. If Hines wishes to change the actual caption of the case, his request is moot. The caption already lists the Corrections Mental Health Program. If Hines believes that the appearance of MDOC on behalf of the Corrections Mental Health Program is in error, his objection is overruled. Hines has not alleged information sufficient to establish that Corrections Mental Health Program is an independent state entity, separate and apart from MDOC, that is capable of being sued.

Hines' second objections, to the extent they can be so framed, are also overruled. Hines simply reiterates his allegations of maltreatment while incarcerated. These claims do not address Judge Hluchaniuk's conclusion that MDOC is immune from suit under 42 U.S.C. § 1983. Thus, since MDOC is not a "person" for purposes of 42 U.S.C. § 1983, Hines' claims against it (and, by extension, Corrections Mental Health Program) will be dismissed. *Dulai v. Michigan, Dep't of Cmty. Health*, 71 F. App'x 479, 481 (6th Cir. 2003) (affirming dismissal of claims against Michigan state agency because they are not "persons" under § 1983).

The dismissal of claims against MDOC does not entirely dispose of Hines' complaint, however. As Judge Hluchaniuk notes, Hines may have a cognizable claim against prison mental health doctors acting in their individual capacity contrary to federal law. Hines' Complaint makes out the contours of such a claim. But Hines does not identify any of these doctors as defendants in the Complaint and only identifies one of the doctors by name, albeit in his response, ECF No. 20, to MDOC's motion to dismiss. Nothing in Hines' Complaint makes reference to individual doctors other than some oblique references to psychiatrists. Hines' complaint against John Doe psychiatrists will be dismissed without prejudice and Hines' will be granted free leave to amend for thirty days following the entry of this Order. *Berndt v. State of Tenn.*, 796 F.2d 879, 882 (6th Cir. 1986) (holding that leave to amend should be freely given where "the staff and authorities of the institution are the real parties-defendants in this case"). If Hines' does not properly amend his Complaint within that time period, it will be dismissed with prejudice. Hines' is also directed to consult the guidance for amendment provided by Judge Hluchaniuk's Report.

### IV.

Hines has, aside from filing his Complaint and answering Defendant MDOC's motion to dismiss, filed a number of motions on the docket. These include: a threefold Motion to Object, Motion of Order to Release Records [sic], and Motion for Independent Evaluation, ECF No. 10; a Motion for Order, ECF No. 19; and Motion to Compel Discovery, ECF No. 23.

These motions request various relief, some more clearly than others. Because the only defendant Hines has successfully named is being dismissed from the case, these motions will be denied. Hines is free to bring these motions anew when and if he successfully amends his Complaint to state a cognizable claim against defendants who are amenable to suit in federal court.

**V.**

Accordingly, it is **ORDERED** that Plaintiff Nathaniel Hines' Objections, ECF No. 28, are **OVERRULED**.

It is further **ORDERED** that the Report and Recommendation, ECF No. 26, is **ADOPTED**.

It is further **ORDERED** that Defendant Michigan Department of Corrections' (appearing as Corrections Mental Health Services) Motion to Dismiss, ECF No. 15, is **GRANTED**.

It is further **ORDERED** that Plaintiff Nathaniel Hines' Complaint, ECF No. 1, is **DISMISSED with prejudice** as to Defendant Michigan Department of Corrections, appearing as Corrections Mental Health Services.

It is further **ORDERED** that Plaintiff Nathaniel Hines' Complaint is **DISMISSED without prejudice**.

It is further **ORDERED** that Plaintiff Nathaniel Hines' is **GRANTED** leave to amend his complaint for thirty days following the entry of this Order. Failure to successfully amend within that time period will result in dismissal with prejudice.

It is further **ORDERED** that Plaintiff Nathaniel Hines' pending motions, ECF Nos. 10, 19, & 23, are **DENIED as moot**.

Dated: June 23, 2015                              s/Thomas L. Ludington
                                                  THOMAS L. LUDINGTON
                                                  United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 23, 2015.

s/Karri Sandusky
Karri Sandusky, Acting Case Manager