UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

NATHANIEL HINES,                   Case No. 14-13619

        Plaintiff,                        Thomas L. Ludington
v.                                               United States District Judge

CORRECTIONS MENTAL HEALTH      Stephanie Dawkins Davis
PROGRAM,                             United States Magistrate Judge

        Defendant.
_____/

**REPORT AND RECOMMENDATION**
**DEFENDANT'S MOTION TO DISMISS (Dkt. 44)**

## I.     PROCEDURAL HISTORY

On September 17, 2014, plaintiff Nathaniel Hines, an inmate currently incarcerated by the Michigan Department of Corrections ("MDOC") at the Macomb Correctional Facility ("MRF") in New Haven, Michigan, brought this action under 42 U.S.C. § 1983, claiming a violation of his rights under the United States Constitution. (Dkt. 1). On November 13, 2014, District Judge Thomas L. Ludington referred this case to Magistrate Judge Michael Hluchaniuk for all pretrial purposes. (Dkt. 9). By way of Administrative Order, this matter was reassigned to the undersigned in January 2016.

On March 30, 2015, Magistrate Judge Hluchaniuk issued a Report and

Recommendation, recommending defendant's motion to dismiss be granted, and plaintiff's complaint against the defendant be dismissed. The Court also recommended that plaintiff be granted leave to file an amended complaint. (Dkt. 26). On June 23, 2015, Judge Ludington overruled plaintiff's objections, adopted the Report and Recommendation and granted leave to plaintiff to amend his complaint to name proper defendants. (Dkt. 29).

On July 31, 2015, plaintiff filed an amended complaint, but, again, named only MDOC Mental Health Program as defendant. (Dkt. 30). Defendant filed another motion to dismiss based on Eleventh Amendment immunity. (Dkt. 33). Plaintiff responded to defendant's motion by filing another amended complaint naming three individual defendants. (Dkt. 34). In the newly amended complaint, plaintiff, a *pro se* prisoner, acknowledged that he previously failed to understand what was expected of him in filing an amended complaint, but that he now understood and corrected the deficiencies. (Dkt. 34). Defendant's then-pending motion to dismiss (Dkt. 33) was terminated as moot, without prejudice to refile a motion to dismiss as to the amended complaint (Dkt. 34).

On February 10, 2016, defendants MDOC, Garlapati and Beauvais did file a motion to dismiss plaintiff's amended complaint. (Dkt. 44). Plaintiff filed a response to defendants' motion on April 21, 2016. (Dkt. 46). Defendant's motion

to dismiss is now ready for report and recommendation.

For the reasons set forth below, the undersigned **RECOMMENDS** that defendant's motion to dismiss (Dkt. 44) be **GRANTED**, plaintiff's complaint against defendants MDOC, Garlapati and Beauvais be **DISMISSED**.

## II. FACTUAL BACKGROUND

Plaintiff brings this action under 42 U.S.C. § 1983, claiming a violation of his rights under the United States Constitution. (Dkt. 34). Specifically, plaintiff claims that the defendant has involuntarily injected in him with anti-psychotic medication in violation of the Eighth Amendment and Due Process requirements, and he seeks declaratory and injunctive relief, as well as compensatory and punitive damages. (*Id.*).

## III. ANALYSIS AND CONCLUSIONS

### A. Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must first comply with Rule 8(a)(2), which requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A plaintiff is also obliged "to provide the grounds of his

entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Association of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555 (citations and internal quotation marks omitted)). And, while a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (quoting *Twombly*, 550 U.S. at 555 (citation and internal quotation marks omitted)); *see also League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (the factual allegations in a complaint need not be detailed but they "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief.").

The Sixth Circuit recognized that in *Erickson v. Pardus*, 551 U.S. 89 (2007), "a case decided just two weeks after *Twombly*, the Supreme Court clarified *Twombly* by holding that a prisoner bringing a § 1983 claim against his captor is not required to state [s]pecific facts in their complaint; and *Twombly* itself suggests that its holding may be limited to cases likely to produce sprawling, costly, and hugely time-consuming litigation." *U.S. v. Ford Motor Co.*, 532 F.3d

496 (6th Cir. 2008) (citations and internal quotation marks omitted).  The Sixth Circuit applied a more stringent pleading standard in *U.S. v. Ford* because a fraud claim was involved, which requires the application of the heightened pleading standard set forth in Rule 9(b), rather than the more liberal pleading standard found in Rule 8(a)(2).  A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citation omitted).  Thus, when applying *Twombly*, except as to a claim of fraud, the Court must still read plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Erickson*, 551 U.S. at 93-94 (The Court of Appeals improperly departed "from the liberal pleading standards set forth by Rule 8(a)(2)" and failed to liberally construe" the *pro se* complaint at issue.).

    **B.**    **Plaintiff's Claims Against MDOC are Barred by the Eleventh Amendment**

Plaintiff amended his complaint to assert a § 1983 claim against MDOC, rather than the originally-identified CMHP, an unrecognized division of the MDOC.  Nevertheless, as discussed in this Court's earlier adopted report and

recommendation (Dkt. 26), the Eleventh Amendment bars suit in federal court against a state and its departments or agencies unless the state has waived its sovereign immunity or unequivocally consented to be sued. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). This jurisdictional bar applies to claims for injunctive relief, as well those for money damages. *See id* at 100-101. Michigan has not consented to civil rights suits in federal court. *See Johnson v. Dellatifia*, 357 F.3d 539, 545 (6th Cir. 2004). Nor does the language of §1983 permit suits against a State or its agencies. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)(neither a State nor its officials acting in their official capacities are "persons" under §1983). Given these facts, plaintiff's §1983 claims against the MDOC should be dismissed.

    **C.**    **Plaintiff Fails to State a Viable Eighth Amendment Claim**

        *1. Deliberate Indifference*

Plaintiff alleges in his amended complaint that medicating him involuntarily violated his Eighth Amendment protection against deliberate indifference to a serious medical need. (Dkt. 34). There is a recognized Eighth Amendment protection for prisoners against "deliberate indifference" to a serious medical need, but that indifference generally involves the failure to provide medical care. *See Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). In

cases such as this, where the medical personnel are treating a prisoner protesting the unwanted care, claims are generally unsuccessful. *Kramer v. Wilkerson*, 302 Fed. App'x 396, 401 (6th Cir. 2008)(citing *Davis v. Agosto,* 89 F. App'x 523, 529 (6th Cir.2004) (denying Eighth Amendment claim on summary judgment where defendant argued that the unwanted treatment of a head wound unnecessarily inflicted pain upon him). To advance a viable Eighth Amendment claim for deliberate indifference related to unwanted medical treatment, a plaintiff must allege that he received "grossly inadequate care" and that the treatment provided was so medically unsound as to violate the law. *Kramer*, 302 Fed. App'x at 401(citing *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 844-47 (6th Cir. 2002)). Grossly inadequate medical care is defined as medical treatment "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Terrance*, 286 F.3d at 844(quoting *Waldrop v. Evans*, 871 F.2d 1030, 1034 (11th Cir.1989)). In contrast, not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Estelle*, 429 U.S. at 105, 97 S.Ct. 285. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation

merely because the victim is a prisoner." *Id.* at 106, 97 S.Ct. 285.

Plaintiff here fails to allege any facts to demonstrate the named prison doctors provided "grossly inadequate care" or that the treatment provided was so medically unsound as to be deemed unlawful. *See Kramer*, 302 Fed. App'x at 401. To the contrary, plaintiff alleges only that the unwanted medication is being administered as a result of a "misdiagnosis," and that the harm he suffers from the side-effects of the unwanted drugs are nightmares, insomnia, headaches, low white blood cell count and high blood pressure. (Dkt. 34). Even if these claims were proven at trial, they would not amount to the "grossly inadequate care" standard applied to these types of deliberate indifference cases. *See id*. Accordingly, plaintiff has failed to state a claim for deliberate indifference on which relief could be granted and his allegations relating to the defendants' deliberate indifference should be dismissed.

      2.  *Unnecessary and Wanton Infliction of Pain*

In addition to plaintiff's identified claim of deliberate indifference, the undersigned reads plaintiff's allegations regarding the force employed in administering the unwanted medical treatment (as opposed to the treatment itself) to raise a distinct Eighth Amendment claim for unnecessary and wanton infliction of pain. *See Davis,* 89 Fed. App'x at 529 (citing *Whitley v Albers*, 475 U.S. 312,

319 (1986)). These allegations pertain to the actions of prison officials identified by plaintiff only as "Officers" and "Nurse" (Dkt. 34, ¶¶ 28, 29), whereas the only individuals named in the amended complaint are identified as psychiatrists (defendants Garlapati and Pozios[1]) and a psychologist (defendant Beauvais). Accordingly, because the allegations do not relate to any named defendant, they are subject to dismissal. *See Hall v. United States,* 704 F.2d 246, 251 (6th Cir. 1983)(a complaint must allege that the defendants were personally involved in the alleged violation of federal right). The undersigned recommends that the allegations against unnamed Officers and Nurse be dismissed without prejudice.

### D. Plaintiff Fails to State a Viable Claim for Violation of Due Process

The Sixth Circuit has recognized that individuals in state custody enjoy a protectable liberty interest to refuse medical treatment. *Noble v. Schmitt*, 87 F.3d 157, 161 (6th Cir. 1996)(citing *Washington v. Harper*, 494 U.S. 210, 221 (1990)). But that interest is often subject to regulation in the prison setting because of the "legitimacy, and the necessity, of considering the State's interests in prison safety and security...." *Harper*, 494 U.S. at 223. A policy of involuntary medication, determined to be necessary by prison doctors, "is an accommodation between an

---

[1] Defendant Pozios has yet to be served. (Dkt. 41, 46, 48)

inmate's liberty interest in avoiding forced administration of ... drugs and the State's interests in providing appropriate medical treatment to reduce the danger that an inmate suffering from a serious mental disorder represents to himself or others." *Id*. at 236. Specifically,

> the risks associated with antipsychotic drugs are for the most part medical ones, best assessed by medical professionals. A state may conclude with good reason that a judicial hearing will not be as effective...as administrative review using medical decisionmakers...[D]ue process requires no more.

*Id.* at 233; *see also Everson v. Mich. Dep't of Corr.*, 391 F.3d 737, 751 n. 16 (6th Cir.2004) ("In cases involving constitutional challenges to the actions of prison administrators, the Supreme Court has stressed repeatedly that the decisions of administrators are entitled to substantial deference.").

The plaintiff does not expressly allege that the decision to medicate him involuntarily was made without constitutionally sufficient process. Moreover, the undersigned notes that plaintiff repeatedly alludes to panel hearings conducted relative to his medical treatment. (Dkt. 34, 46). These referenced hearings are presumably the administrative reviews, contemplated by *Harper*, wherein medical decision makers assess the medical necessity of treating plaintiff despite his objections. As noted by *Harper*, due process requires nothing more than this type of administrative review. Hence, plaintiff has not stated a valid claim for

deprivation of liberty without due process of law. *See Kramer*, 302 Fed. App'x at 400; *see also, Harper*, 494 U.S. at 233.

### E. Qualified Immunity

Defendants argue plaintiff's amended complaint should be dismissed because they are entitled to qualified immunity from liability. (Dkt. 44). The doctrine of qualified immunity means that "'[g]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Caldwell v. Moore*, 968 F.2d 595, 599 (6th Cir. 1992), quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Defendants bear the burden of pleading qualified immunity, but plaintiff bears the burden of showing that the defendant's conduct violated a right so clearly established that a reasonable official in his position would have clearly understood that he or she was under an affirmative duty to refrain from such conduct. *Sheets v. Mullins*, 287 F.3d 581, 586 (6th Cir. 2002) (citation omitted) (explaining that "[t]he ultimate burden of proof is on the plaintiff to show that the defendant is not entitled to qualified immunity").

The Supreme Court had established a two-part test in order to determine whether qualified immunity is applicable to a particular situation. *Saucier v. Katz*,

533 U.S. 194, 201 (2001).  The first part of the test involves a determination of whether the facts of the case, viewed in the light most favorable to the plaintiff, "show the officer's conduct violated a constitutional right."  *Id*.  If the first question was resolved in the affirmative, then the court would decide "whether the right was clearly established."  *Id*.  If both questions are resolved in the affirmative, then the doctrine of qualified immunity does not apply and the case can proceed.

The Supreme Court revisited its decision in *Saucier* and concluded that mandatory order of the two part test for determining if qualified immunity applied was no longer sound based on several factors, including judicial economy. *Pearson v. Callahan*, 555 U.S. 223, 227 (2009).  While not modifying the factors that should be considered in such a decision, the Court held that sometimes it makes sense to allow the second part of the test to be decided first and that such a decision may resolve the controversy without having to address the first part of the test.  *Id.*  In *Pearson*, the § 1983 claim of the plaintiff was based on an allegedly unlawful search conducted by the defendant police officers.  Without having to engage in the perhaps more complicated decision of determining whether plaintiff's constitutional rights had been violated, the Court found that the constitutional right claimed by plaintiff was not clearly established where lower

court case law was consistent with the conduct of the officers and "principles of qualified immunity [should] shield an officer from personal liability when an officer reasonably believes that his or her conduct complies with the law." *Id.* at 244-45. "This generally means that 'we are free to consider those questions in whatever order is appropriate in light of the issues before us.'" *Jones v. Byrnes*, 585 F.3d 971, 975 (6th Cir. 2009), quoting *Moldowan v. City of Warren*, 570 F.3d 698, 720 (6th Cir. 2009).

Under the "clearly established" prong of the qualified immunity test, the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). "A clearly established constitutional violation requires on-point, controlling authority or a robust consensus of cases of persuasive authority." *Ortega v. U.S. Immigration and Customs Enforcement*, 737 F.3d 435, 439 (6th Cir. 2013). Without on-point authority, only in the most obvious of cases can an official's conduct be held to be clearly unlawful. *Sample v. Bailey*, 409 F.3d 689, 698-99 (6th Cir. 2005).

Moreover, defendants are not required to affirmatively disprove the existence of clearly established law, because "[t]he burden of convincing a court that the law was clearly established rests squarely with the plaintiff." *Key v.*

13

*Grayson*, 179 F.3d 996, 1000 (6th Cir. 1999). Plaintiff "bears the ultimate burden of proof to show that the individual officers are not entitled to qualified immunity." *Garretson v. City of Madison Heights*, 407 F.3d 789, 798 (6th Cir. 2005).

As plaintiff acknowledges in his amended complaint, the medical treatment dispensed by defendants was subject to the oversight of the administrative review process. Under these circumstances, reasonable prison medical professionals would believe dispensing treatment according to their professional judgment complies with the law. Because plaintiff has not demonstrated that his right to refuse medical treatment in this instance was clearly established, defendants are entitled to qualified immunity on his claims.

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that defendant's motion to dismiss should be **GRANTED**, plaintiff's complaint should be **DISMISSED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right

of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: August 22, 2016        s/Stephanie Dawkins Davis
                             Stephanie Dawkins Davis
                             United States Magistrate Judge

**CERTIFICATE OF SERVICE**

      I certify that on August 22, 2016, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record, and I certify that I have mailed by United States Postal Service the foregoing pleading to the following non-ECF participant(s), at the following address(es): Nathaniel Hines #452677, Macomb Correctional Facility, 34625 26 Mile Road, New Haven, MI 48048.

                                    s/Tammy Hallwood
                                    Case Manager
                                    (810) 341-7887
                                    tammy_hallwood@mied.uscourts.gov